UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

UNITED STATES OF AMERICA,    ) DOCKET NO. 3:18-cr-214
                             )
                             )
       vs.             )
                             )
BRYANT BUDI,            )
                             )
       Defendant.    )
_____)

TRANSCRIPT OF ELECTRONICALLY RECORDED
PLEA AND RULE 11 HEARING
BEFORE THE HONORABLE DAVID S. CAYER
UNITED STATES MAGISTRATE JUDGE
NOVEMBER 30, 2018


APPEARANCES:

On Behalf of the Government:

    CASEY T. ARROWOOD, ESQ.,
    Assistant United States Attorney
    227 West Trade Street, Suite 1700
    Charlotte, North Carolina 28202

On Behalf of the Defendant:

    CECILIA OSEGUERA, ESQ.,
    Federal Defenders of Western North Carolina
    129 West Trade Street, Suite 300
    Charlotte, North Carolina 28202


    Proceedings digitally-recorded and stenographically
                   transcribed by:




                LAURA ANDERSEN, RMR
                Official Court Reporter
            United States District Court
             Charlotte, North Carolina

P R O C E E D I N G S

FRIDAY, NOVEMBER 30, 2018 at 9:56:

THE COURT:  United States v Bryant Budi.

Are you ready to proceed, Ms. Oseguera?

MS. OSEGUERA:  We are, Your Honor.

THE COURT:  Sir, I will be asking you some questions about your plea.  The clerk will place you under oath first.

BRYANT BUDI, DEFENDANT, SWORN

THE COURT:  Sir, do you understand that you are now under oath, and that you are required to give truthful answers to the questions I am about to ask?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Do you understand that if you give false information under oath you may be prosecuted for perjury or false statement?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  After consulting with your attorney, do you want the Court to accept your guilty plea to one count in this Bill of Indictment?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Do you understand that you have the right to have a United States District Judge conduct this proceeding?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Recognizing your right to proceed before

1  a district judge, do you expressly consent to proceed in this

2  court today, that is, before a United States Magistrate Judge?

3  　　　　　THE DEFENDANT:  Yes, sir.

4  　　　　　THE COURT:  Are you now under the influence of any

5  alcohol or drugs?

6  　　　　　THE DEFENDANT:  No, Your Honor.

7  　　　　　THE COURT:  Is your mind clear, and do you

8  understand you are here to enter a guilty plea in your case?

9  　　　　　THE DEFENDANT:  Yes, Your Honor.

10 　　　　　THE COURT:  Have you received a copy of the

11 indictment, and have you discussed its contents with your

12 attorney?

13 　　　　　THE DEFENDANT:  Yes, Your Honor.

14 　　　　　THE COURT:  Would the Government summarize the

15 charge and the penalty?

16 　　　　　MR. ARROWOOD:  Good morning, Your Honor.

17 　　　　　THE COURT:  Good morning.

18 　　　　　MR. ARROWOOD:  The charge is that from on or about

19 April 22, 2018, and continuing through on or about June 1,

20 2018, in Mecklenburg County, within this district, and

21 elsewhere, the defendant did knowingly and intentionally

22 attempt to possess radioactive material with the intent to

23 cause death or serious bodily injury.

24 　　　　　In violation of Title 18, United States Code,

25 Section 2332(i).

1        The maximum penalty for that offense, Your Honor, is

2   life in prison, a fine of $2 million, or both, and a term of

3   supervised release.

4        THE COURT:  Do you fully understand the charge

5   against you, including the maximum penalty you face if

6   convicted?

7        THE DEFENDANT:  Yes, Your Honor.

8        THE COURT:  Do you understand that by pleading

9   guilty to a felony charge you may be deprived of certain civil

10  rights, such as the right to vote, hold public office, serve

11  on a jury, or possess a firearm?

12       THE DEFENDANT:  Yes, Your Honor.

13       THE COURT:  Have you spoken with your attorney about

14  how the U.S. Sentencing Guidelines might apply to your case?

15       THE DEFENDANT:  Yes, Your Honor.

16       THE COURT:  Do you understand that the District

17  Judge will not be able to determine the applicable Sentencing

18  Guidelines range until after your Presentence Report has been

19  prepared, and you have had an opportunity to comment on it?

20       THE DEFENDANT:  Yes, Your Honor.

21       THE COURT:  Do you understand that in some

22  circumstances you may receive a sentence that is different,

23  that is, either higher or lower than that called for by the

24  Sentencing Guidelines?

25       THE DEFENDANT:  Yes, Your Honor.

1      THE COURT:  Do you understand that the Court may

2  order restitution where applicable?

3      THE DEFENDANT:  Yes, Your Honor.

4      THE COURT:  Do you understand that if the sentence

5  is more severe than you expected, or the Court does not accept

6  the Government's sentencing recommendation, you will still be

7  bound by your plea and you will have no right to withdraw it?

8      THE DEFENDANT:  Yes, Your Honor.

9      THE COURT:  Do you understand that parole has been

10  abolished.  If you are sentenced to a term of imprisonment,

11  you will not be released on parole?

12      THE DEFENDANT:  Yes, Your Honor.

13      THE COURT:  If your sentence includes imprisonment,

14  do you understand that the District Judge may also order a

15  term of supervised release?

16      THE DEFENDANT:  Yes, Your Honor.

17      THE COURT:  Do you understand that if you violate

18  the terms and conditions of supervised release, which

19  typically lasts from one to five years, you could be returned

20  to prison for an additional period of time?

21      THE DEFENDANT:  Yes, Your Honor.

22      THE COURT:  Do you understand that you have a right

23  to plead not guilty, to have a speedy trial before a judge and

24  jury, to summon witnesses to testify in your behalf, and to

25  confront the witnesses against you?

1    THE DEFENDANT:  Yes, Your Honor.

2    THE COURT:  If you exercised your right to trial,

3    you would be entitled to the assistance of a lawyer, you would

4    not be required to testify, you would be presumed innocent,

5    and the burden would be on the Government to prove your guilt

6    beyond a reasonable doubt.  Do you understand all of these

7    rights?

8    THE DEFENDANT:  Yes, Your Honor.

9    THE COURT:  By entering this plea of guilty you are

10   waiving or giving up those rights, and there will be no trial.

11   If your guilty plea is accepted, there will be one more

12   hearing where the District Judge will determine what sentence

13   to impose.  Do you understand that?

14   THE DEFENDANT:  Yes, Your Honor.

15   THE COURT:  Are you in fact guilty in the one count

16   in this Bill of Indictment?

17   THE DEFENDANT:  Yes, Your Honor.

18   THE COURT:  Have the United States and the defendant

19   entered into a plea agreement?

20   MR. ARROWOOD:  Yes, Your Honor.

21   THE COURT:  You may summarize that.

22   MR. ARROWOOD:  Thank you, Your Honor.

23   The Plea Agreement is filed on the docket as

24   document number 18.  It is seven pages in length.

25   Your Honor, I will summarize certain provisions of

1    the Plea Agreement.  The defendant understands that each and

2    every part of the Plea Agreement is material.

3            The defendant agrees to enter a voluntary plea of

4    guilty to Count One as set forth in the Bill of Indictment and

5    admits to being in fact guilty as charged in Count One.

6            If the Court finds that the defendant's plea to be

7    voluntary and knowingly made and accepts the plea, then the

8    United States will move at the appropriate time to dismiss

9    Count Two in the Bill of Indictment.

10            As stated earlier during the plea colloquy, Your

11    Honor, the defendant is aware of the maximum sentence that

12    applies to Count One.

13            Pursuant to Rule 11(c)(1)(B) the parties agree that

14    they will jointly recommend that the Court make the following

15    findings and conclusions as to the Sentencing Guidelines:

16            That Base Offense Level under subsection 2M6.1(a)(2)

17    applies.  That will be a Base Offense Level 28.

18            That the specific offense characteristic outlined in

19    Section 2M6.1(b)(1) applies to the conduct as well.

20            The parties agree that they will make the above

21    recommendations as to offense level.  They will not seek any

22    other enhancements or reductions to the offense level.

23            The parties agree that either party may seek a

24    departure or variance from the applicable guideline range

25    determined by the District Court at sentencing if such

1    departure or variance is permitted by law.

2             With respect to waivers:

3             That the defendant, in exchange for the concessions

4    made by the government in this plea agreement, waives all

5    rights to contest a conviction and sentence in any appeal or

6    post-conviction action except for claims of ineffective

7    assistance of counsel or prosecutorial misconduct.

8             Then finally, Your Honor, there are no agreements,

9    representations, or understandings between the parties in this

10   case, other than those explicitly set forth in this Plea

11   Agreement, or as noticed to the Court during this plea

12   colloquy and contained in writing in a separate document

13   signed by all parties.

14            This Plea Agreement is signed by myself on behalf of

15   the government, Ms. Oseguera on behalf of the defendant, and

16   the defendant.

17            THE COURT:  Do you understand those to be the terms

18   of your Plea Agreement, and do you agree with those terms?

19            THE DEFENDANT:  Yes, Your Honor.

20            THE COURT:  Has the right to appeal your conviction

21   and sentence been expressly waived in this Plea Agreement?

22            THE DEFENDANT:  Yes, Your Honor.

23            THE COURT:  Has the right to challenge your

24   conviction and sentence in a post-conviction proceeding also

25   been waived in the Plea Agreement?

1          THE DEFENDANT:  Yes, Your Honor.

2          THE COURT:  Is that your signature on the Plea

3     Agreement?

4          THE DEFENDANT:  Yes, Your Honor.

5          THE COURT:  Are you aware that a factual basis has

6     been filed as an attachment to your Plea Agreement?

7          THE DEFENDANT:  Yes, Your Honor.

8          THE COURT:  Have you read this factual basis and do

9     you understand it and agree with it?

10          THE DEFENDANT:  Yes, Your Honor.

11          THE COURT:  Has anyone threatened, intimidated, or

12     forced you to enter a guilty plea today?

13          THE DEFENDANT:  No, Your Honor.

14          THE COURT:  Other than the terms of your Plea

15     Agreement, has anyone made you any promises of leniency or a

16     light sentence to induce you to plead guilty?

17          THE DEFENDANT:  No, Your Honor.

18          THE COURT:  Have you had enough time to discuss with

19     your attorney any possible defenses you may have to this

20     charge?

21          THE DEFENDANT:  Yes, Your Honor.

22          THE COURT:  Are you satisfied with the services of

23     your attorney in this case?

24          THE DEFENDANT:  Yes, Your Honor.

25          THE COURT:  Is there anything that you would like to

1  say at this time about the services of your attorney?

2  THE DEFENDANT:  No, Your Honor.

3  THE COURT:  Have you heard and understood all parts

4  of this proceeding, and do you still wish to plead guilty?

5  THE DEFENDANT:  Yes, Your Honor.

6  THE COURT:  Do you have any questions or statements

7  that you would like to make at this time?

8  THE DEFENDANT:  No, Your Honor.

9  THE COURT:  Ms. Oseguera, have you reviewed each of

10  the terms of the plea agreement with him, and are you

11  satisfied that he understands those terms?

12  MS. OSEGUERA:  I have, Your Honor.  And I am

13  satisfied he understands those terms.

14  THE COURT:  I will submit the transcript for review

15  and signature by counsel and the defendant.

16  The Court finds the plea to be knowingly and

17  voluntarily made, finds a factual basis to support the plea,

18  the plea is accepted.

19  The Court recommends the District Judge accept the

20  plea and enter judgment thereon.

21  The defendant has 14 days to object.

22  Did you want him interviewed, Ms. Oseguera?

23  MS. OSEGUERA:  Yes, please, Your Honor.

24  (The matter is concluded at 10:08.)

25  * * * * * *

1   UNITED STATES DISTRICT COURT
    WESTERN DISTRICT OF NORTH CAROLINA
2   CERTIFICATE OF OFFICIAL REPORTER

3           I, Laura Andersen, Federal Official Court Reporter,

4   in and for the United States District Court for the Western

5   District of North Carolina, do hereby certify that pursuant to

6   Section 753, Title 28, United States Code, that the foregoing

7   is a true and correct transcript of the digitally-recorded

8   proceedings prepared stenographically and transcribed to the

9   best of my ability, held in the above-entitled matter and that

10  the transcript page format is in conformance with the

11  regulations of the Judicial Conference of the United States.

12          Dated this the 9th day of March 2020.

13

14                          s/Laura Andersen
                            Laura Andersen, RMR
15                          Official Court Reporter

16

17

18

19

20

21

22

23

24

25